FILED
February 06, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY:_____NM_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| WENDY VEGA LORES, A# 240 618 811,  Petitioner, v. WARDEN, Karnes County Immigration Processing Center, ET AL.,  Respondents. | NO. SA-26-CV-00019-OLG |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is *pro se* Petitioner Wendy Vega Lores's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. (Dkt. No. 1). Respondents filed an abbreviated response to the Petition. (Dkt. No. 11).

Based on the pleadings, the relevant facts in this case are essentially undisputed. Petitioner is a citizen of Cuba who entered the United States without inspection on April 26, 2022. (Dkt. No. 1). She entered the United States as a minor child in the company of her parents. (*Id.*). Petitioner was subsequently detained by immigration authorities in June 2025 when she appeared with her family at a previously scheduled "check–in appointment at the ICE office in San Antonio, Texas." (*Id.*). The Court finds this proceeding turns entirely on whether, as the Board of Immigration Appeals has held, all those aliens who are applicants for admission by virtue of their being present in the United States without having been admitted or paroled are subject to mandatory detention under § 1225(b)(2)(A). *See Matter of Yajure Hurtado*, 29 I&N Dec. 216, 220–21 (BIA 2025). If not, Petitioner would be subject only to discretionary detention under

8 U.S.C. § 1226(a) and, thus, entitled to a bond redetermination before an immigration judge. (Dkt. Nos. 1, 11).

Having already resolved this question against Respondents' position in other habeas cases, the Court required Respondents to consider its prior orders and identify in their response any material differences between the facts of this case and the facts presented in those cases. (Dkt. No. 11). On February 4, 2026, Respondents filed an abbreviated response, advising that "the factual and legal issues presented in the instant habeas petition do not differ in any material fashion from those presented" in this Court's prior decisions on this issue. (Dkt. No. 11). In other words the instant habeas petition and the Court's relevant prior cases primarily concern whether an alien who is present in the United States without admission is properly subject to mandatory detention, i.e., detention without the prospect of release on bond, during the pendency of her administrative removal proceedings pursuant to 8 U.S.C. § 1225(b). Accordingly, given the absence of any material differences between this case and the Court's prior cases on this matter, the Court will grant the Petition and order that Petitioner be given a bond hearing or released within 14 days. *See Rahimi v. Thompson*, No. SA-25-CV-1338-OLG, Dkt. No. 13 (W.D. Tex. Dec. 4, 2025); *Perez–Puerta v. Johnson*, No. SA-25-CV-1476-OLG, Dkt. No. 13 (W.D. Tex. Dec. 15, 2025); *see also Mendoza Euceda v. Noem*, No. SA-25-CV-1234-OLG, Dkt. No. 16 (W.D. Tex. Nov. 17, 2025); *Moradi v. Thompson*, No. SA-25-CV-1470-OLG, Dkt. No. 11 (W.D. Tex. Dec. 18, 2025).

Petitioner Wendy Vega Lores's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus (Dkt. No. 1) is therefore **GRANTED** in that Respondents must provide Petitioner with a bond hearing pursuant to § 1226(a) **within 14 days** from the of this Order, or release her. Respondents must file an advisory as to the status of Petitioner's bond hearing, if any, **no later than 21 days** from the date of this Order.

This case is **CLOSED**.

This Order is a **FINAL JUDGMENT**.

It is so **ORDERED**.

SIGNED on February 6, 2026.

ORLANDO L. GARCIA
United States District Judge

3